■ FREDERIC C. FENIG, Appellant, v HEXALON REAL ESTATE, INC., et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered March 19, 1991, which denied plaintiff's applications for preliminary injunctive relief and which granted the defendants' cross-motion for costs and disbursements, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in denying plaintiff's successive applications for injunctive relief, seeking to enjoin the defendants from continuing asbestos abatement and seeking to compel the defendants to conduct a subsequent asbestos clean-up at the plaintiff's premises located on the fourth floor of 745 Fifth Avenue in Manhattan, because plaintiff failed to demonstrate a likelihood of success on the merits, any imminent or irreparable injury necessitating such expedited relief, or a balancing of the equities (Grant Co. v Srogi, 52 NY2d 496, 517).

Plaintiff's contention that the IAS Court failed to address his second order to show cause is without merit, since the record reveals that the defendants' cross-motion specifically sought sanctions, attorneys' fees, costs and disbursements on the ground that the plaintiff's second application was "frivolous and was asserted for an improper purpose i.e., to harass defendants as to extort lease concessions", and since the court granted the cross-motion, and denied plaintiff's second application for injunctive relief.

Lastly, we note plaintiff's fourteen month delay in perfecting the appeal, while he remained on the premises, continued to pay rent and continued to treat his patients, casting doubt upon his allegations of asbestos contamination and that absent injunctive relief, he will suffer imminent and irreparable injury to his health and that of his patients (see, Lanvin Inc. v Colonia, Inc., 739 F Supp 182, 192).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman and Kassal, JJ.